CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 03 2014

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| RYAN O'NEAL DAVIS, | ) | CASE NO. 7:14CV00029 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| K. MASSEY, ET AL., | ) | By: James C. Turk |
| | ) | Senior United States District Judge |
| Defendant(s). | ) | |

Ryan O'Neal Davis, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that prison officials violated his constitutional rights when they failed to mail copies of his habeas corpus petition to the court. Upon review of the record, the court finds that the action must be summarily dismissed.

I

Davis alleges the following sequence of events on which he bases his claims. After Davis filed his federal habeas corpus petition in the United States District Court for the Eastern District of Virginia, he received a court order directing him to submit two additional copies or the court would dismiss his petition without prejudice. Twice, prison officials refused to mail the copies of the petition for Davis, because the necessary postage exceeded the weekly postage allowance of $4.40 for each indigent inmate. After Davis wrote and explained his postage problems, the court granted him until December 1, 2011 to submit the copies of his petition. Finally, in November 2011, Davis was able to add the required postage and delivered the copies to officials for mailing to the court. He later received a notice indicating that his package had been processed. In February 2012, after he had been transferred to another prison facility, Davis

received a court order indicating that his petition had been dismissed without prejudice because the court had never received the required copies.

In this § 1983 action, Davis sues Mailroom Officers Massey and Flanary. He asserts that the officers deprived him of his constitutional right to meaningful access to the court because they failed to mail the copies of his petition to the court as required. As relief in this action, Davis seeks monetary damages.

## II

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). A "frivolous" claim is one that "lacks an arguable basis either in law or in fact," because it is "based on an indisputably meritless legal theory" or on "factual contentions [which] are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989) (interpreting "frivolous" in former version of 28 U.S.C. § 1915(d)). To state a cause of action under § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted).

Inmates have a guaranteed right to reasonable access to both state and federal courts, and prison officials must facilitate the exercise of this right to some degree. Bounds v. Smith, 430 U.S. 817, 828 (1977). Where an inmate has had access to court, however, and alleges that officials denied him specific materials or services related to his preparation or submission of legal pleadings, the inmate must show that denial of the item or service resulted in specific harm to his litigation of a nonfrivolous claim. Lewis v. Casey, 518 U.S. 343, 352-53 (1996). An

inmate states no actionable access claim absent a specific showing that deficiencies in services at the prison actually impeded his efforts to "pursue a [nonfrivolous] legal claim." Id. at 351, 352. Prison policies that cause mere delay or inconvenience to an inmate's litigation efforts do not violate his right to access the courts. Id. at 362. Finally, state officials cannot be held liable under §1983 for negligent actions which interfere with an inmate's litigation efforts. Pink v. Lester, 52 F.3d 73, 78 (4th Cir. 1995).

Davis fails to allege a factual basis for any § 1983 claim that the defendants engaged in conduct that violated his right to court access. The defendants' enforcement of the postage limit did not harm Davis' habeas proceedings, as the court granted him a generous extension of time to save the necessary postage funds. Moreover, Davis could have divided his petition copies into multiple smaller packages to be mailed sooner, using his weekly postage allowance. These mere inconveniences created by the prison's reasonable postage limit does not constitute injury to his court case. See id. at 362 (holding that "delays in receiving legal [services] so long as they are the product of prison regulations reasonably related to legitimate penological interests, . . . are not of constitutional significance, even where they result in actual injury" to the inmate's litigation efforts).

Davis' attempt to hold defendants liable for not mailing his copies to the court fails under Iqbal's requirement that a plaintiff must plead sufficient factual matter. Other than the fact that the state court never received the copies, Davis provides no factual matter on which he could persuade a fact finder that the defendants actually failed to place the copies in the mail. On the contrary, his exhibits include documentation, signed by one of the defendants, indicating that the copies were mailed out from the prison. Davis also does not allege any past pattern of prison officials, intentionally or inadvertently, failing to mail inmates' outgoing legal documents.

3

Even if Davis could demonstrate that on this one occasion, one of the defendants inadvertently failed to place his copies in the mail, such an isolated incident generally will not suffice to support a claim of constitutional significance. Pink, 52 F.3d at 76; Pearson v. Simms, 345 F.Supp.2d 515, 519 (D. Md. 2003), aff'd, 88 F. App'x. 639 (4th Cir. 2004) (holding that "occasional incidents of delay or non-delivery of mail" are not actionable under § 1983); Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003) (noting that "an isolated incident of mail tampering is usually insufficient to establish a constitutional violation."); Bryant v. Winston, 750 F. Supp. 733, 734 (E.D. Va. 1990) (holding that an isolated incident of mail mishandling, which is not part of any pattern or practice, is not actionable under § 1983).

Finally, Davis' allegations do not demonstrate that the incident has caused him to lose his right to litigate any nonfrivolous claim. Indeed, he has not stated what any of his claims were or offered any analysis of their likelihood of success. Moreover, he indicates that the Eastern District dismissed his habeas petition without prejudice, which leaves him free to refile his habeas corpus claims.

For the reasons stated, the court finds that Davis has failed to allege facts stating any actionable claim under § 1983 against these defendants, and dismisses the action without prejudice, pursuant to § 1915A(b)(1), as frivolous. The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 2nd day of June, 2014.

*[signature]*
Senior United States District Judge